UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **PATSY SIMONS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-05-71 |
| | § | |
| **HARRISON WALDROP & UHERECK,** | § | |
| **L.L.P.,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM & ORDER

Pending before the Court are Defendant's Rule 12(b)(1) Motion to Dismiss (Dkt. #8) and Defendant's Supplemental Motion to Dismiss (Dkt. #15). After considering the parties' arguments and the applicable law, the Court is of the opinion that Defendant's motions should be DENIED.

### Factual and Procedural Bakcground

Plaintiff filed her Original Complaint (Dkt. #1) on June 22, 2005 alleging age-related employment discrimination in violation of the Age Discrimination and Employment Act, 29 U.S.C. §§ 621-634 ("ADEA") and the Texas Labor Code, § 21.051. On August 24, 2005, Defendant filed its motion to dismiss under Rule 12(b)(1) (Dkt. #8). Plaintiff responded to the motion on September 13, 2005 (Dkt. #9). The Court's November 22, 2005 Scheduling Order (Dkt. #13) allowed the Parties to (1) conduct discovery "relevant to the jurisdictional issues raised in Defendant's Rule 12(b)(1) Motion to Dismiss" for a period of 90 days and, thereafter, (2) file supplemental briefs. On March 3, 2006, Defendant filed its Supplemental Motion to Dismiss (Dkt. #15).

### Analysis

In its original motion to dismiss, Defendant's argued that the Court lacked subject matter jurisdiction over Plaintiff's claim because Plaintiff failed to prove by a preponderance of the

evidence that Defendant is an "employer" under the ADEA. Defendant also contended that Plaintiff's age discrimination claims under the Texas Labor Code are jurisdictionally barred because she failed to timely file a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") or the Texas Commission on Human Rights ("TCHR").

In its supplemental brief (Dkt. #13), Defendant disclosed to the Court the Supreme Court's recent decision in *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235, 2006 WL 397863 (2006), which held that the issue of whether or not a Defendant employs enough employees to qualify for employer status under Title VII is not a jurisdictional issue. *Id.* at 1244. Consequently, Defendant's supplemental brief resubmitted its motion to dismiss only with respect to Plaintiff's ADEA claim under rule 12(b)(6) "as well as under 12(b)(1), as suggested by the United States Supreme Court". The Court will first address whether Defendant has any remaining grounds after *Arbaugh* to challenge the jurisdiction of this Court over Plaintiff's ADEA claim and then consider whether Plaintiff has failed to state a claim for which relief can be granted under the ADEA.

The ADEA states that "[a]ny person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter." 29 U.S.C. § 626(c)(1). The Judicial Code gives federal courts subject-matter jurisdiction over all civil actions "arising under" the laws of the United States. 28 U.S.C. § 1331. Because the ADEA is a law of the United States that authorizes private civil enforcement actions, it follows that the federal courts are "court[s] of competent jurisdiction" under the ADEA. The Supreme Court in *Arbaugh* held that because Title VII empowers the federal courts to adjudicate civil actions brought under Title VII without any limitation about the number of employees, the numerosity requirement under Title VII is not a limitation on the jurisdiction of the federal courts, but a "substantive ingredient of a Title VII claim for relief." *Arbaugh*, 126 S.Ct. at 1238. The Court finds that the same conclusion is applicable to the numerosity requirement under the ADEA. Therefore,

the Court finds that Defendant cannot challenge the Court's subject-matter jurisdiction over Plaintiff's ADEA claim on the grounds that she has failed to satisfy the numerosity requirement of 29 U.S.C. § 630(b).

The Court also finds that Defendant's 12(b)(6) motion fails because Plaintiff properly alleged in her complaint that "Defendant employs the requisite number of persons to be covered by the ADEA." Dkt. #1, ¶ 6.2. Despite the sufficiency of the pleadings, Plaintiff also provided an affidavit with her response to Defendant's motion to dismiss reiterating that "[Defendant] employed 20 or more employees (including partners) during 2003, 2004, and through January 2005)." Dkt. #9, Exhibit 1. Therefore, the Court finds that Plaintiff has properly stated a claim for relief under the ADEA.

Furthermore, because Defendant did not resubmit its claim that "the Court lacks subject matter and supplemental jurisdiction over Plaintiff's age discrimination claims under state law because Plaintiff failed to comply with the required administrative procedures" in its supplemental motion to dismiss, the Court will not consider that line of argumentation.

**Conclusion**

For the foregoing reasons, Defendant's Rule 12(b)(1) Motion to Dismiss (Dkt. #8) and Defendant's Supplemental Motion to Dismiss (Dkt. #15) are DENIED.

It is so ORDERED.

Signed this 24th day of March, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE